-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR CONNECTION CORPORATION, a California Corporation | No. 2:12-cv-02910-TLN-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company and DOES 1 through 30 inclusive, | |
| Defendant. | |

| |
|---|
| COMCAST CABLE COMMUNICATION MANAGEMENT, LLC, |
| Counterclaimant, |
| v. |
| CLEAR CONNECTION CORPORATION, a California corporation, CLEAR CONNECTION, LLC, an Arizona limited liability company, and KURK MOODY, an individual, |
| Counterdefendants. |

This matter is before the court pursuant to the Plaintiff and Counter-Defendant Clear

Connection Corporation ("CCC") and Defendant and Counter-Claimant Comcast Cable

Communication Management, LLC's ("Comcast") respective responses to this court's order to

show cause issued on January 9, 2014.  (ECF 45.)  Comcast filed a response to the order to show

1

1  cause on January 23, 2014.  (ECF 47.)  CCC filed a reply to Comcast's response on January 30,

2  2014.  For the reasons set forth below the court denies joinder of Defendant O.C. Communication

3  Management, LLC and maintains jurisdiction over CCC's claims against Comcast.

4                                      **BACKGROUND**

5          CCC originally filed this action in Sacramento Superior Court asserting only the following

6  state law claims: (1) fraud in the inducement; (2) breach of contract; (3) fraud; and (4) intentional

7  interference with contractual relations.  (ECF 1-1.)  Comcast removed the action to this court on

8  November 30, 2012, on the basis of diversity jurisdiction.  (ECF 1.)  On August 01, 2013,

9  Comcast filed a motion for judgment on the pleadings.  (ECF 31.)   CCC opposed the motion.

10  (ECF 32.)  The court granted Comcast's motion in its entirety with leave to amend.  (ECF 39.)

11         CCC filed its first amended complaint ("FAC") on December 24, 2013, asserting the

12  following claims: (1) antitrust under California's Cartwright Act; (2) civil conspiracy; (3)

13  unlawful business practices under California Business & Professions Code Section 17200, *et seq*;

14  (4) fraud and deceit; (5) breach of oral contract; (6) breach of written contract; and (7) "common

15  counts against all defendants."  (ECF 42.)  While the FAC added a number of claims absent from

16  CCC's original complaint, it did not add any federal claims that would invoke this court's subject

17  matter jurisdiction under the doctrine of federal question jurisdiction.  The FAC also added a new

18  party, O.C. Communications, Inc. ("O.C.") which CCC maintains, and Comcast does not dispute,

19  is a citizen of the state of California.  (Id. ¶ 5.)   CCC therefore maintains that "the parties are not

20  completely diverse, and the court lacks diversity jurisdiction under 28 U.S.C. § 1332", and the

21  "matter should be remanded back to the state court where jurisdiction is proper."

22         Upon review of CCC's FAC, the court determined that the addition of the non-diverse

23  party may divest the court of subject matter jurisdiction.  The court therefore issued an order to

24  show cause "why this court has subject matter jurisdiction and why this matter should not be

25  remanded to Sacramento County Superior Court."  (ECF 45.)

26  ///

27  ///

28  ///

2

1

**STANDARD**

2  "Federal district courts are courts of limited jurisdiction; they possess only that power

3 authorized by Constitution and Statute, which is not to be expanded by judicial decree." City of

4 Oakland v. Holder, 901 F.Supp.2d 1188, 1191 (N.D. Cal. 2013) (quoting Kokkonen v. Guardian

5 Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) (internal quotations omitted).  As such, federal

6 district courts must "presume[] that a cause lies outside this limited jurisdiction, . . ." Kokkonen,

7 511 U.S. at 377.  The burden of establishing that a federal district court has jurisdiction over a

8 particular controversy rests upon the party asserting jurisdiction, for example, the party removing

9 an action from state court to federal court. Id.  Federal courts generally have subject matter

10 jurisdiction over three forms of actions: those involving diversity of citizenship, a federal

11 question, or to which the United States is a party.  A party asserting subject matter jurisdiction on

12 the basis of diversity has the burden of demonstrating that there is complete diversity of

13 citizenship among the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §

14 1332(a).

15  A Federal District "court may raise the question of subject matter jurisdiction, *sua sponte*,

16 at any time during the pendency of the action, . . ." Snell v. Cleveland, 316 F.3d 822, 826 (9th

17 Cir. 2002) (citing F. R. Civ. P. 12(h)(3)). If, at any time during the course of the litigation, the

18 "court concludes that it lacks subject- matter jurisdiction, the complaint must be dismissed"; or,

19 where an action has been removed from state court, the matter may be remanded to the state court

20 where the original complaint was filed. Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006); Fed.

21 R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(e).

22

**ANALYSIS**

23  In response to the court's order to show cause, Comcast forwards two central arguments in

24 support of its contention that, regardless of CCC's joinder of a non-diverse party, this court

25 retains subject matter jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332.

26 Comcast argues that CCC "improperly failed to seek or obtain leave of court to join [O.C.] as a

27 defendant, as required by . . . this court's scheduling order" and cannot show good cause as

28

3

1    required by Federal Rule[1] of Civil Procedure 16(b)(4).  (ECF 47 at 3:17-19.)  In the alternative,

2    Comcast argues that the court should exercise its discretion to deny joinder of O.C. pursuant to 28

3    U.S.C. 1447(e), which lends a district court discretion to deny joinder of a non-diverse party after

4    removal.  (Id. At 5:24-25.)

5           CCC suggests that denial of joinder in this case would be improper because it "anticipates

6    that discovery will lead to . . . other conspirators" in California that would destroy diversity, thus

7    necessitating remand in the future.  (ECF 48 at 2:5-13.)  CCC asserts that Comcast would not be

8    prejudiced because it can file a demurrer in state court.  (Id. at 2:15-17.)  CCC also maintains that

9    the court should properly exercise its discretion to permit joinder and remand this matter to the

10   venue where it was originally filed.

11          28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional

12   defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

13   or permit joinder and remand the action to the State court."  District courts have broad discretion

14   to deny or permit joinder of a party that would destroy diversity of citizenship after removal of a

15   state court action to federal court.  Newcome v. Adlolf Coors Co., 157 F.3d. 686, 691 (9th Cir.

16   1998).  Factors a district court may look to  in determining whether to permit or deny joinder,

17   include, among others, the following: whether the joined party is a necessary party under Federal

18   Rule of Civil Procedure 19(a); would the statute of limitations preclude an action in state court;

19   whether the party seeking joinder has inexcusably delayed requesting joinder; whether there is

20   any indication the joining party is forum shopping in order to avoid federal jurisdiction; the

21   apparent validity of the claims against the joined defendant[2]; and potential prejudice to the

22   plaintiff.  See Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000); see also

23   IBC Aviation Servs. v. Compañia Mexicana de Aviacion, 125 F.Supp.2d 1008, 1011 (N.D. Cal.

24   2000).

25   ///

26

27   _____
     [1]      All further reference to "Rule" or "Rules" is to the Federal Rules of Civil Procedure.
28   [2]      Based solely on the FAC itself, it is difficult for the court to determine the validity of the
     claims against O.C.

4

1    The court finds that the procedural history of this case represents the precise situation in

2 which denying joinder and maintaining jurisdiction is appropriate.  First, there is no dispute that

3 O.C. is not a necessary party under Rule 19(a) and that the statute of limitations would not

4 preclude CCC from bringing its claims against O.C. in state court.

5    Most importantly, the court finds that CCC has not provided an adequate explanation for

6 the delay in requesting joinder.  CCC had more than a year before Comcast filed its motion for

7 judgment on the pleadings to conduct discovery and seek to join O.C. if it truly believed that O.C.

8 was an appropriate party to this action.  It is also telling that CCC did not join the non-diverse

9 party until this Court dismissed all of its claims with leave to amend.  That is, the suspicious

10 timing of CCC's joinder of the non-diverse party raises a particularly reasonable inference that

11 the sole purpose for joining O.C. in CCC's FAC was to defeat complete diversity of citizenship in

12 order to avoid federal jurisdiction.  Indeed, CCC expressly argues in the FAC that the addition of

13 O.C. destroys diversity of citizenship and the matter therefore "should be remanded back to the

14 state court where jurisdiction is proper."  (ECF 42 ¶.)

15    The court also finds that denial of joinder would not prejudice CCC.  Indeed, as set forth

16 above, CCC is free to pursue its alleged claims against O.C. in state court.  On the other hand,

17 Comcast would be prejudiced as it has already litigated this case for over a year, conducting

18 discovery, and engaging in motion practice.[3]

19    Finally, the court finds that, contrary to CCC's contention, maintaining jurisdiction over

20 this matter would promote judicial efficiency and preserve scarce judicial resources.  Indeed, the

21 arguments[4] CCC forwards in support of remand belie its very contention that remand is the most

---

22

[3]    The court further notes that its inclination to deny joinder in this case is further supported
23 by the procedural posture of this case.  Specifically, Comcast here cannot avail itself of the
fraudulent joinder doctrine because it does not apply to joinder that occurs after an action is
24 removed.  Cobb v. Delta Exports, Inc., 186 F3d 675, 678 (5th Cir. 1999); cf. Taylor v. Honeywell
Corp., 2010 WL 1881459 at *2 n.1 (distinguishing between situation where non-diverse party is
25 joined prior to, and after, removal.)

26 [4]    The court also finds unavailing its contention that remand is appropriate because CCC
anticipates it will identify in the future other conspirators that will be California residents, thus
27 destroying complete diversity of citizenship and requiring remand.  First, CCC's speculation
regarding other conspirators is irrelevant to the resolution of the motion.  Moreover, if, in the
28 future, CCC seeks to join a non-diverse party the court must undergo the same 28 U.S.C. §

1  efficient course of action.  Specifically, CCC contends that Comcast would not be prejudiced by

2  remand because it can file a demurrer in state court and, "[i]f resolution destroys complete

3  diversity, then the case can be properly removed to this forum, . . ."  (ECF 48 at 2:15-20.)

4  However, by denying joinder and maintaining jurisdiction the court will avoid the cat-and-mouse

5  game of remand followed by removal followed by remand CCC insinuates would occur should

6  this court grant joinder and remand under 28 U.S.C. § 1447(e).

7       In conclusion, each of the factors a district court should consider in determining whether

8  to grant or deny joinder militates in favor of denying joinder and maintaining jurisdiction.  The

9  court therefore, in its discretion, declines to permit joinder of O.C. Communications.

**CONCLUSION**

11      Based on the foregoing, the court hereby declines to permit the joinder of O.C.

12  Communications in CCC's First Amended Complaint.  Defendant O.C. Communications and all

13  claims against it are therefore dismissed from this action without prejudice.  Comcast is hereby

14  ordered to respond to CCC's FAC within seven days of the issuance of this order in accordance

15  with ECF 46.

16  Dated: February 27, 2014

17

18

19                                    Troy L. Nunley
                                     United States District Judge
20

21

22

23

24

25

26

27

28  _____
    1447(e) analysis it addresses in this order.

6